UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHNNY DAVIS, JR., § | |
|     *Plaintiff,* § | |
| § | |
| v. § | Civil Action H-08-0411 |
| § | |
| MICHAEL J. ASTRUE, § | |
| COMMISSIONER OF SOCIAL SECURITY, § | |
|     *Defendant.* § | |

**MEMORANDUM AND ORDER**

Plaintiff Johnny Davis Jr. seeks review of the denial of his request for disability insurance benefits under Title II of the Social Security Act.[1]  Davis's motion for summary judgment (Dkt. 18) is denied and the Commissioner's motion (Dkt. 19) is granted.  The final decision of the Commissioner is affirmed.

**Background**

Johnny Davis Jr. filed an application under Title II of the Social Security Act on July 22, 2004 alleging disability beginning December 22, 2003.  His application was denied initially and on reconsideration and a hearing was held before an Administrative Law Judge (ALJ) on October 26, 2006.  The ALJ found Davis was not disabled within the meaning of the Act at any time between December 22, 2003 and the date of his decision, April 27, 2007. The Appeals Council denied Davis's request for review and the ALJ's decision became the final decision of the Commissioner.  This appeal followed.

---

[1]  The parties have consented to the jurisdiction of this magistrate judge for all purposes, including final judgment (Dkt. 17).

## Analysis

### A.     Standard of Review

Section 405(g) of the Social Security Act sets forth the standard of review in this case. Federal courts review the decision of the Commissioner to deny Social Security benefits to determine whether (1) the Commissioner applied the proper legal standard and (2) the Commissioner's decision is supported by substantial evidence. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). Substantial evidence is "more than a scintilla and less than a preponderance." *Masterson*, 309 F.3d at 272; *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The court does not reweigh the evidence, try the questions *de novo*, or substitute its own judgment for that of the Commissioner. *Masterson*, 309 F.3d at 272. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

In order to qualify for disability benefits, a plaintiff must prove he has a disability, which is defined under the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A) and 1382c(a)(3)(A); *Masterson*, 309 F.3d at 271. The administrative law judge must follow a five-step sequential analysis to determine whether a plaintiff is in fact disabled:

1. Is the claimant currently engaged in substantial gainful activity, *i.e.*, working? If the answer is yes, the inquiry ends and the claimant is not disabled.

2. Does the claimant have a severe impairment? If the answer is yes, the inquiry proceeds to question 3.

3. Does the severe impairment equal one of the listings in the regulation known as Appendix 1? If so, the claimant is disabled. If not, then the inquiry proceeds to question 4.

4. Can claimant still perform his past relevant work? If so, the claimant is not disabled. If not, then the agency must assess the claimant's residual functional capacity.

5. Considering the claimant's residual functional capacity, age, education, and work experience, is there other work claimant can do? If so, claimant is not disabled.

20 C.F.R. §§ 404.1520, 416.920; *Waters*, 276 F.3d at 718. At step five, the burden shifts to the Commissioner to show that employment for the claimant exists in the national economy. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991).

**B. The ALJ's Decision**

The ALJ ruled at each step of the sequential analysis as follows: (1) Davis was not engaged in any gainful activity; (2) Davis had the severe impairments of a herniated disc in his lower back, degenerative disc disease in his lower back, morbid obesity, and a pain disorder; (3) Davis's impairments did not meet or equal a listing in Appendix 1; (4) Davis could not perform his past relevant work, but retained the residual functional capacity for less than the full range of sedentary work ; (5) Davis could perform jobs existing in significant

numbers in the national economy.[2]  Davis contends that the ALJ erred at steps 2-5 of his analysis.

***Severity.*** An impairment is not severe if it is a "slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985).  Davis contends that the ALJ erred in not finding he had the additional severe impairments of depression and anxiety disorder.

Davis points to the testimony of the psychiatric expert Dr. Kendrick, who testified that Davis was diagnosed with "pain disorder associated with both psychological factors and a general medical condition, major depression, single episode moderate, anxiety disorder associated with a low back injury with generalized anxiety." Kendrick also stated that Davis's medical records note the symptoms of "crying spells, insomnia, feelings of irritability, anger, temper outbursts, loss of sex drive, also concentration and focus, tendency to isolate, weight gain of 30 pounds, anxiety, feeling lightheaded, lightness in chest and headaches, as well as distractibility, concentration difficulties and memory difficulties." Kendrick also noted that Davis has a GAF ranging from 45-55.[3]

---

[2]  Tr. at 17-26.

[3]  *Id.* at 95-96.  GAF stands for Global Assessment of Functioning.  It is a rating on a scale of 1 to 100 reflecting a clinician's judgment of an individual's overall level of psychological, social, and occupational, but not physical, functioning. *Diagnostic and Statistical Manual of Mental Disorders*, 32 (4th ed.2000) (DSM-IV-TR).  A GAF score of 41-50 indicates serious symptoms; a score of 51-60 indicates moderate symptoms.

The ALJ applied the proper legal standards at step 2 of his analysis.[4] The ALJ considered Kendrick's testimony regarding Davis's mental impairment.[5] In addition to the testimony relied upon by Davis cited above, Kendrick also testified that Davis sought psychological treatment only during a six-month period, and there was no evidence that Davis suffered a mental impairment for a year.[6] There is no evidence that Davis sought medical treatment after February 2005 for any mental impairment, and the record reflects that at that time Davis was responding well to treatment.[7] Davis's improvement was indicated by the rise in his GAF score from 45 to 55 during the period he sought treatment.[8] While a GAF score of 55 indicates moderate mental symptoms, the GAF score is not determinative of a disability determination.[9] The ALJ's decision to omit mental impairments from his findings of Davis's severe impairments is supported by substantial evidence.

***Listing 1.04***. Davis contends that the ALJ erred in finding that his impairments did not meet or medically equal listing 1.04 addressing disorders of the spine.[10] Specifically,

---

[4] *Id.* at 18 (citing *Stone v. Heckler*, 972 F.2d 1099 (5th Cir. 1985)).

[5] *Id*. at 21.

[6] *Id*. at 97.

[7] *Id*. at 20 (citing Ex. 11F, reports of treating psychologist Dr. Bricker).

[8] *Id*.

[9] The Commissioner does not endorse the GAF scale for determining disability. *Wind v. Barnhart*, 133 Fed. Appx. 684, 692 n.5 (11th Cir. 2005) (citing 65 Fed. Reg. 50746, 50764-65 (Aug. 21, 2000)).

[10] 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04.

Davis argues that the ALJ did not give sufficient consideration to the effect of his morbid obesity on his condition.

"For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to *all* criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990)(emphasis in original). In order to meet listing 1.04, a claimant must show a spinal disorder resulting in compromise of a nerve root or the spinal cord, along with the abnormalities set forth in section A, B, or C of listing 1.04. The medical record indicates that Davis had a herniated nucleus pulposus, one of the spinal disorders identified in listing 1.04.[11] However, the ALJ found that Davis did not meet the listing because there was no evidence of motor loss manifested by atrophy with muscle weakness or reflex loss, an abnormality required by listing 1.04A.[12]

Davis argues that the ALJ erred in relying on Dr. Lang, the medical expert who testified at the hearing, because he incorrectly testified that the record did not contain a straight leg raise test. But Dr. Lang corrected that oversight, and stated that nonetheless the record did not contain evidence of any motor or reflex loss or atrophy, and in fact the

---

[11] Tr. at 87.

[12] Davis has not made any argument that he meets listing 1.04 by virtue of sections B or C.

evidence indicated "muscle strength is 5/5 in the lower extremities. That is, no weakness. Hand grip is good. No muscle atrophy was noted."[13]

The ALJ's opinion is consistent with SSR 02-1p, cited by Davis, because it recognizes that obesity may be a factor in making a meets or equals listing determination.[14] However, Davis points to no evidence in the record that would allow his obesity to substitute for the lack of motor loss manifested by atrophy with muscle weakness or reflex loss on which the ALJ rested his decision. Thus, the court concludes that substantial evidence supports the ALJ's decision that Davis's severe impairment of a herniated disc did not meet listing 1.04.

***Residual Functional Capacity.*** Davis contends that the ALJ did not follow the law because he did not consider all of his impairments and his pain in reaching his determination of Davis's residual functional capacity (RFC). Davis also contends the ALJ erred in finding Davis not entirely credible, and in discounting the effects of medication on Davis's ability to do sustained work.

The ALJ was required to consider functional limitations associated with medically determinable impairments in making his RFC determination. *Hollis v. Bowen*, 837 F.2d 1378, 1386-87 (5th Cir. 1988). Contrary to Davis's assertion, the ALJ here considered Davis's back pain and mental impairments in making his determination, but he found that the

---

[13] Tr. at 90-91.

[14] *Id*. at 20 ("As the Social Security Administration has recognized, obesity can aggravate the effects of an [sic] back injury, and the claimant has complained of shortness of breath, attributed to his size.").

limitations that were supported by the record did not preclude Davis from engaging in substantial gainful activity. For example, the ALJ's assessment of less than the full range of sedentary work accounts for Davis's limited ability to twist, crouch, kneel, climb, and stoop.[15] The ALJ's conclusion that Davis's mental impairments were sufficiently addressed by an RFC assessment for less than the full range of sedentary work is supported by medical evidence that Davis responded positively to psychological treatment.[16]

The ALJ concluded that Davis's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are significantly less than entirely credible."[17] The ALJ is entitled to determine the credibility of witnesses. *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). A claimants subjective pain complaints must be corroborated by objective evidence. *Wren v. Sullivan*, 925 F.2d 123, 129 (5th Cir. 1994). In this case, the ALJ found that the record indicated that Davis was prescribed medication for moderate pain, not disabling pain, and that his pain responded well to medication.[18] Thus, there is substantial evidence to support the ALJ's conclusion that Davis's pain did not preclude him from all forms of sedentary work.

---

[15]    *Id*. at 22.

[16]    *Id.* at 259.

[17]    *Id.* at 25.

[18]    *Id.* at 24, 206, 272, 338, 358, 363, 383, 463.

In making his RFC assessment, the ALJ discounted the testimony of Davis's chiropractor, Dr. Neuburger, that Davis would be unable to work for 3-4 months following back surgery on the ground that a chiropractor is not an acceptable medical source.[19] A chiropractor is not an acceptable medical source for the purpose of determining whether a claimant has a medically determinable impairment.[20] Davis is correct that federal regulations permit consideration of evidence from a chiropractor to show the severity of impairments and how they affect a claimant's ability to work,[21] but an ALJ may give less weight to a chiropractor's opinion than evidence from medical doctors. *Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991). The ALJ noted that no treating physician provided a statement that Davis was disabled or cannot work or has a lower RFC than the ALJ assigned.[22] In any event, Dr. Neuburger's opinion does not support a disability finding because even assuming Davis would be unable to work for a 3-4 month period following surgery, he would not meet the 12-month duration requirement for finding a claimant disabled. 42 U.S.C. § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th cir. 1985).

In sum, the court finds that the ALJ's RFC assessment is based on proper legal standards and is supported by substantial evidence in the record.

---

[19]   *Id.* at 23.

[20]   20 C.F.R. § 404.1513(a).

[21]   20 C.F.R. § 404.1513(d).

[22]   Tr. at 23.

***Existence of Other Work Davis Can Perform.*** Davis contends that the ALJ's conclusion that he retains the RFC for less than a full range of sedentary work means that he is disabled. Davis relies on SSR 96-9p, which advises that "individuals who are limited to no more than sedentary work by their medical impairments have very serious functional limitations . . . a finding of 'disabled' usually applies when the full range of sedentary work is significantly eroded." However, SSR 96-9p makes clear that an RFC for less than a full range of sedentary work does not necessarily equate with a disability finding, and an ALJ must still determine whether there is other work in the national economy the individual can do considering his age, education, and work experience. That is what the ALJ here did.

Davis further contends that the ALJ's determination that Davis can perform other jobs is erroneous because he failed to consider the sedative effect of Davis's medication. But despite his allegations, Davis does not point to evidence in his medical records that the side effects of his medications were so severe as to prevent Davis from performing sustained work.[23] The medical experts that testified at the hearing did not believe the evidence in the record was sufficient to make such a finding.[24]

Finally, Davis contends that the ALJ's decision rests on the erroneous finding that Davis retained transferable skills from his past work that could be applied to other occupations. Davis's contention misconstrues the ALJ's decision. The ALJ found that Davis

---

[23] *Id.* at 24.

[24] *Id.* 99-101.

did *not* retain skills from his past work. Thus, the ALJ was not required to make detailed findings identifying Davis's transferable skills.[25] The ALJ's step-five determination was based on the testimony of a vocational expert, who stated that Davis retained no skills that could be transferred to work at the sedentary level. The ALJ's hypothetical question to the vocational expert incorporated all the limitations that the ALJ found were supported by the record. The vocational expert testified that Davis could perform the sedentary, unskilled jobs of order clerk, sorter, and assembler and that a significant number of those jobs exist regionally.[26] The ALJ's step-five determination is supported by substantial evidence.

**Conclusion**

Davis has failed to show that the ALJ's decision contains an error of law or is not supported by substantial evidence. Davis's motion for summary judgment is denied. The decision of the Commissioner is affirmed. The court will issue a separate final judgment.

Signed at Houston, Texas on August 3, 2009.

Stephen Wm Smith
United States Magistrate Judge

---

[25] 20 C.F.R. § 404.1569(d)(4).

[26] Tr. at 102.

did *not* retain skills from his past work. Thus, the ALJ was not required to make detailed findings identifying Davis's transferable skills.[25] The ALJ's step-five determination was based on the testimony of a vocational expert, who stated that Davis retained no skills that could be transferred to work at the sedentary level. The ALJ's hypothetical question to the vocational expert incorporated all the limitations that the ALJ found were supported by the record. The vocational expert testified that Davis could perform the sedentary, unskilled jobs of order clerk, sorter, and assembler and that a significant number of those jobs exist regionally.[26] The ALJ's step-five determination is supported by substantial evidence.

**Conclusion**

Davis has failed to show that the ALJ's decision contains an error of law or is not supported by substantial evidence. Davis's motion for summary judgment is denied. The decision of the Commissioner is affirmed. The court will issue a separate final judgment.

Signed at Houston, Texas on August 3, 2009.

Stephen Wm Smith
United States Magistrate Judge

---

[25] 20 C.F.R. § 404.1569(d)(4).

[26] Tr. at 102.